| | |
|---|---|
| LEE ROY J. STANSBERRY, <br><br> Plaintiff, <br><br> v. <br><br> ENTRY U.S. District Court, *et al.*, <br><br> Defendants. | Case No. 3:22-cv-00257-SLG |

### ORDER OF DISMISSAL FOR DEFICIENT FILING

On November 21, 2022, Lee Roy J. Stansberry, a self-represented prisoner, filed a Complaint titled "Writ of Habeas Corpus Pro Bono" and a copy of a Department of Corrections form titled "Offender Trust Account Request for Disbursement of Funds."[1] On the form, Mr. Stansberry requests $750 be disbursed from his offender account to Rey Jones" for "Writ of Habeas Corpus Pro Bono Lawyer Filing Fee to Rey Jones."[2] The Court sent a Notice of Electronic Filing ("NEF") confirming receipt of the filing to Mr. Stansberry, which was returned as undeliverable.[3] A notation on the returned envelope indicates Mr. Stansberry refused to accept the mail.[4]

---

[1] Docket 1.

[2] Docket 1 at 5.

[3] Docket 2.

[4] *Id.*

To properly bring a habeas corpus action, all claims must be included on the Court's form, *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254* (AO2254) (available online or at the Clerk's office).[5] Additionally, the Petitioner must pay the $5.00 filing fee or submit a fully completed and signed Application to Waive Prepayment of the Filing Fee (Form PS10).[6] Mr. Stansberry has not included either, so this filing is deficient.

The Court takes Judicial Notice[7] that Mr. Stansberry has recently filed four other cases with this Court that have also not included the filing fee or an application to waive prepayment of the filing fee.[8] The Orders notifying Mr. Stansberry of the filings were deficient have all been returned to the Court as undeliverable mail. In the interests of judicial economy, the Court must dismiss

---

[5] Local Habeas Rule 2.1.

[6] Local Habeas Rule 2.1.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019). A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[8] See *Stansberry v. Enter State of Alaska Govs Dunleavy,* Case No. 3:22-cv-214-SLG, (Returned/Undeliverable Mail 10/14/2022), Docket 3 (Deficient Filing Order dated 10/17/2022), Docket 4 (Returned/Undeliverable Mail 11/01/2022); *Stansberry v. Entry U.S. District Court*, Case No. 3:22-cv-00223-JMK, Docket 2 (Returned/Undeliverable Mail 10/24/2022), Docket 3 (Deficient Filing Order dated 11/02/2022), Docket 4 (Returned/Undeliverable Mail 11/15/2022); *Stansberry v. Entry U.S. District Court*, Case No. 3:22-cv-00231-JMK, Docket 2 (Deficient Filing Order dated 11/02/2022), Docket 3 (Returned/Undeliverable Mail 11/15/2022); *Stansberry v. Enter Alaska Dept of Revenue*, Case No. 3:22-cv-211-RRB; Docket 2 (Returned/Undeliverable Mail 10/17/2022), Docket 3 (Deficient Filing Order dated 11/03/2022), Docket 4 (Returned/Undeliverable Mail 11/15/2022).

Case No. 3:22-cv-00257-SLG, *Stansberry v. Entry U.S. District Court*
Order of Dismissal for Deficient Filing
Page 2 of 3

Case 3:22-cv-00257-SLG   Document 3   Filed 12/15/22   Page 2 of 3

this case without leave to amend, but without prejudice should Mr. Stansberry wish to refile a proper petition.

In light of the foregoing, IT IS ORDERED that the filing at Docket 1 is DISMISSED without prejudice. The Clerk of Court is directed to enter a judgment accordingly.

DATED this 15th day of December, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00257-SLG, *Stansberry v. Entry U.S. District Court*
Order of Dismissal for Deficient Filing
Page 3 of 3
Case 3:22-cv-00257-SLG   Document 3   Filed 12/15/22   Page 3 of 3